IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2004

## AARON MCFARLAND v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26220     James C. Beasley, Jr., Judge**

---

**No. W2003-01797-CCA-R3-PC  - Filed June 8, 2004**

---

The petitioner, Aaron McFarland, appeals the judgment of the Shelby County Criminal Court denying his petition for post-conviction relief from his conviction for first degree murder. The petitioner contends that he was denied effective assistance of counsel. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Charles W. Gilchrist, Jr., Memphis, Tennessee, for the appellant, Aaron McFarland.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Hagerman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On July 10, 1998, the petitioner was convicted by a jury in the Shelby County Criminal Court of the murder of Terrell Deon Bullard. He was sentenced to life with the possibility of parole. State v. Aaron McFarland, No. W1999-01410-CCA-R3-CD, 2000 WL 1154612 (Tenn. Crim. App. at Jackson, Aug. 4, 2000), perm. to appeal denied, (Tenn. Mar. 12, 2001). On March 11, 2002, the petitioner filed a pro se petition seeking post-conviction relief. In his petition, the petitioner alleged that he received ineffective assistance of counsel. Specifically, the petitioner alleged that his trial counsel failed to adequately investigate whether the petitioner was properly transferred from juvenile court to criminal court for trial, trial counsel failed to interview witnesses, trial counsel's failure to properly evaluate the strength of the State's case resulted in improper trial strategy, trial counsel

failed to adequately confer with the petitioner about the case, and trial counsel failed to properly develop the petitioner's defense.

Subsequently, the post-conviction court appointed counsel for the petitioner, and an amended petition was filed. The amended petition raised additional claims regarding ineffective assistance of counsel. Specifically, the petition alleged that trial counsel failed to file a motion to suppress the petitioner's confession, trial counsel did not properly cross-examine the State's witnesses, and trial counsel failed to "use the fact that a gun powder residue test was done on [the] [p]etitioner immediately after the shooting."[1]

At the evidentiary hearing, the petitioner testified that he was twenty-one years old and had left school during the seventh grade. He said that he could read "a little bit" and had someone help prepare his post-conviction petition. He could not remember his trial counsel's name but was able to identify her in the courtroom. As to his claim regarding trial counsel's ineffectiveness, the petitioner stated,

> On my gun test, it said my gun test had got lost. I think she could have did a little more, you know what I'm saying, telling them that - - telling me a little more about and saying a little more about how did it get lost? How did it come up to get lost? How could it get messed up?

Essentially, the petitioner complained that trial counsel should have emphasized that the test was lost and that the results of the test would have been beneficial to him.

The petitioner further complained that trial counsel did not talk with witnesses and failed to adequately cross-examine witnesses regarding inconsistencies in their statements and their testimony at trial. However, he was unable to remember which witnesses were not adequately cross-examined. The petitioner recalled that trial counsel spent about "five hours total" discussing the case with him. They did not discuss trial strategy or any potential defenses. The petitioner alleged that trial counsel could have presented the circumstances surrounding his confession in a more favorable way.

Trial counsel testified that she was appointed to represent the petitioner. At the time of her appointment, she had been with the Public Defender's Office for approximately ten years. She had been involved in numerous trials, including fifteen to twenty murder trials. Trial counsel recalled that she visited the petitioner seven times in jail and numerous times before court. Additionally, she met with the petitioner and his grandparents. They also communicated through letters and by telephone.

---

[1] The allegation that trial counsel failed to file a motion to suppress the petitioner's confession was abandoned following testimony at the evidentiary hearing that a suppression hearing was held prior to trial.

Trial counsel discussed with the petitioner the State's proof and possible defenses. The petitioner had confessed to police that he had committed the murder. He explained that he agreed to confess upon the advice of his grandparents and because he thought he would be allowed to go home.

Accordingly, trial counsel filed a motion to suppress the petitioner's confession. The petitioner and his grandparents testified at the hearing on the motion, recounting the circumstances surrounding the confession. The trial court denied the petitioner's motion and allowed the confession to be admitted at trial. As a result of the trial court's decision, trial counsel and the petitioner decided that the petitioner should testify at trial in order to explain the reasons for the confession.

The gunpowder residue tests results were critical to the petitioner's defense strategy. Trial counsel was told that the Tennessee Bureau of Investigation was unable to test for gunpowder residue because of contamination. Therefore, at trial, counsel called the officer who attempted the testing to explain the procedure and why he was unable to test for gunpowder residue in the petitioner's case. Trial counsel's strategy was to emphasize the problems with the testing and "let the jury make their determination hoping that they would see [it]in the light favorable to [the petitioner] . . . ."

Trial counsel recalled that there were seven witnesses to the offense. Four of the witnesses saw the shooting, and the other three witnesses saw a person dressed similarly to the petitioner. Trial counsel reviewed their statements to police, and her investigator spoke with the witnesses. At trial, several witnesses gave testimony inconsistent with their initial statements. Trial counsel pointed out the inconsistencies to the jury during her cross-examination of the witnesses. Trial counsel recalled that the petitioner named another individual as the shooter and asked that this individual be called to testify. The individual had an alibi and denied he was involved. Trial counsel did not call the individual, fearing that his testimony would be more damaging than beneficial.

Trial counsel stated that the petitioner's defense was three-fold. First, she attempted to disparage the confession. After the motion to suppress was denied, the strategy shifted to an emphasis on the contaminated gunshot residue testing in an attempt to cast doubt on the police department. Finally, she focused on the inconsistencies in the initial statements of the witnesses and their testimony at trial.

At the conclusion of the evidentiary hearing, the post-conviction court made findings of fact and conclusions of law and entered an order denying the petitioner relief. The post-conviction court referenced the inconsistencies in the testimony of the petitioner and trial counsel, accrediting the testimony of trial counsel. The post-conviction court found that trial counsel fully investigated the petitioner's case and was prepared for trial. Additionally, the post-conviction court found that trial counsel thoroughly examined the witnesses and communicated with the petitioner regarding trial strategy and the defenses available to him. The post-conviction court concluded that trial counsel had provided effective representation, noting that "the facts in the case are what caused [the

petitioner] to be convicted and that [trial counsel] did everything she could to adequately defend him under the guidelines of the law."

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence are to be resolved by the post-conviction court as the trier of fact. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

Initially, we note that Rule 27 of the Tennessee Rules of Appellate Procedure provides that

> [t]he brief of the appellant shall contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate review, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on.

Tenn. R. App. P. 27 (a)(7). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). In the instant case, the petitioner's argument consists of three general allegations regarding

trial counsel's ineffectiveness but includes no explanation of how counsel was ineffective or how the petitioner was prejudiced by counsel's actions. The brief is inadequate and this court could consider those issues waived. Nevertheless, we see no reason to disturb the post-conviction court's determination that the petitioner was afforded effective assistance of counsel.

The petitioner complains that trial counsel failed to adequately investigate and prepare for trial, failed to interview witnesses, did not properly evaluate the State's case, and failed to meet with the petitioner to develop a defense. First, we note that when a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, the petitioner should present these witnesses at the evidentiary hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). A petitioner is not entitled to relief on this ground "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." Id. at 758. At the evidentiary hearing, the petitioner failed to produce any witnesses in support of his claim.

The petitioner had the burden to prove the factual allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless the evidence in the record preponderates against those findings. Henley, 960 S.W.2d at 578.

The post-conviction court found that trial counsel had fully investigated the petitioner's case, adequately prepared for trial, and communicated with the petitioner regarding trial strategy and defenses. The record does not preponderate against those findings.

### III. Conclusion

In consideration of the foregoing and the record as a whole, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE